UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, and SEAN MAHAR, as interim Commissioner of the New York State Department of Environmental Conservation,** | **COMPLAINT**<br><br>**Civil Action No.** |
| **Plaintiffs,** | |
| -against- | |
| **A.O. SMITH CORPORATION.** | |
| **Defendant.** | |

.      Plaintiffs State of New York, the New York State Department of Environmental Conservation (DEC), and Sean Mahar, as interim Commissioner of the New York State Department of Environmental Conservation, (collectively, the State), by their Attorney, Letitia James, Attorney General of the State of New York, as and for their complaint, allege as follows:

## NATURE OF THE ACTION

1.      This action is brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et seq*., as amended (CERCLA):

(a)      For recovery against defendant A.O. Smith Corporation (A.O. Smith) for costs incurred, and to be incurred, by the State in response to the release and threatened release of hazardous substances at and from the Former

Air Force Plant No. 51 Site (the AF51 Site or the Site), located in the Town of Greece, Monroe County, New York; and

(b) For the State's recovery of enforcement costs.

## JURISDICTION AND VENUE

2. This Court has exclusive jurisdiction over the subject matter of this action pursuant to sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and 28 U.S.C. § 1331.

3. Venue lies in this judicial district, pursuant to section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(e), because the AF51 Site is located in this district in the Town of Greece in Monroe County, New York, and claims arising from threatened and actual releases of hazardous substances arose at the AF51 Site.

## PARTIES

4. Plaintiff, the State of New York, is a body politic and sovereign entity, and brings this action on behalf of itself and as *parens patriae*, trustee, guardian, and representative on behalf of all residents and citizens of the State of New York, particularly those individuals who live in the vicinity of the AF51 Site.

5. Plaintiff DEC is an executive agency of the State of New York charged with enforcing the Environmental Conservation Law (ECL) and regulations promulgated pursuant to the ECL. DEC brings this action to recover costs that have been and will be incurred by DEC in responding to the release and threatened release of hazardous substances at and from the Site.

6. Plaintiff Sean Mahar is the interim Commissioner of DEC and brings this action in his official capacity as Commissioner to recover costs that have been and will be incurred by DEC in responding to the release and threatened release of hazardous substances at and from the Site.

7. Defendant A.O. Smith is a corporation organized under the laws of the State of Delaware with its principal offices in Milwaukee, Wisconsin.

## STATUTORY AND REGULATORY BACKGROUND

8. CERCLA provides that when there is a release or a threatened release of hazardous substances into the environment from a facility, certain categories of persons are liable to the State for the costs that the State incurs to respond to the release or threatened release as long as the State's response actions are "not inconsistent with the national contingency plan." 42 U.S.C. § 9607(a).

9. "Hazardous substances" are defined in 42 U.S.C. § 9601(14) to include substances that the EPA has designated as hazardous pursuant to 42 U.S.C. § 9602. The substances that EPA has designated as hazardous are listed in 40 C.F.R. § 302.4.

10. A "release" includes spilling, leaching, and disposing "into the environment." *Id.* § 9601(22). The "environment" includes groundwater, land surface, and subsurface strata. *Id.* § 9601(8).

11. A "facility" includes "any site or area where a hazardous substance has been deposited, stored, disposed of, or placed, or otherwise come to be located." 42 U.S.C. § 9601(9). It also includes buildings, structures, and equipment. *Id.*

3

12. The terms "respond" or "response" include taking "removal" actions, "remedial" actions, and related enforcement activities. *Id.* § 9601(25). A "removal" action includes the "cleanup or removal of released hazardous substances from the environment" and the assessment and evaluation of a release. *Id.* § 9601(23). A "remedial" action means "those actions consistent with permanent remedy taken instead of or in addition to removal actions." *Id.* § 9601(24).

13. The "national contingency plan" is set forth in 40 C.F.R. Part 300.

14. The persons liable for response costs under 42 U.S.C. § 9607(a) include: (i) current owners and operators of a facility, and (ii) owners and operators of a facility at the time of disposal of hazardous substances. "Persons" include individuals and corporations. 42 U.S.C. § 9601(21).

15. 42 U.S.C. § 9613(g)(2) provides that in an action for response costs, "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding in any subsequent action or actions to recover further response costs or damages."

## BACKGROUND AND FACTUAL ALLEGATIONS

16. The AF51 Site consists of 38.21 acres located on a property of approximately 44 acres, with an address of 4777 Dewey Avenue in the Town of Greece in Monroe County, New York. DEC has defined the Site based upon the extent of contamination. The Site is currently privately owned and occupied by various commercial and light industrial businesses.

17. During World War II, the Odenbach Shipbuilding Corporation built a plant at the Site for the production of ocean-going vessels needed for the War effort. It produced tankers, landing barges, floating cranes, and tugs. From about 1943 to 1961, the Site was owned by various United States Governmental Agencies. Specifically, in 1943 the plant was sold to the Defense Plant Corporation, an entity of the United States government that at the time was part of the Department of Commerce.

18. After the War, the plant was purchased by the Department of Defense for the production of B-52 bulkheads and the name of the plant was changed to Air Force Plant 51. During the 1950s, defendant A.O. Smith fabricated metal parts on the Site, producing parts for the Air Force, including for the B-52 bombers. From about 1951 to 1955, A.O. Smith operated the Site as a subcontractor to Boeing Company, which held a contract with the Department of Defense. A plating lagoon located on the Site was associated with A.O. Smith's operations for Boeing Company.

19. In 1959, ownership of the property encompassing the AF51 Site devolved to the United States General Service Administration (GSA). In approximately 1961, GSA sold a portion of the property to the Monroe County Water Authority, and a portion to Genesee Scrap and Tin Company, a company owned by the Louis Atkin family of Rochester, New York. In 1963, the Monroe County Water Authority sold its portion to Genesee Scrap and Tin Company. The Atkin family remains the principal owner of the Site through a company listed on the tax rolls as 4800 Dewey Avenue.

20. Due to the industrial operations on Site, including those of A.O. Smith, the Site is heavily contaminated with hazardous substances. The State's remedial

investigation and feasibility study has found that hazardous substances were released during A.O. Smith's operations at the Site. These substances include the volatile organic compound (VOC) trichloroethene (TCE), which has been found in on-Site groundwater, soil, and sediment samples. TCE groundwater samples have tested as high as 93,000 parts per billion. Heavy metals and polychlorinated biphenyls (PCBs) exceeding all applicable state and federal standards have also been detected in on-Site groundwater, soil, and sediment. Heavy metals and TCE were found in the plating lagoon associated with A.O. Smith's metal fabricating operations. These hazardous substances are consistent with metal fabricating and were disposed of by A.O. Smith during metal fabrication operations at the Site.

21. As a result of A.O. Smith's operations at the AF51 Site, "hazardous substances," as that term is defined in section 101(14) of CERCLA, 42 U.S.C. § 9601(14), were released into the soil and groundwater at the AF51 Site.

22. Specifically, there has been a release and/or threatened release, as defined in § 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment at and from the AF51 Site into the plating lagoon by A.O. Smith primarily consisting of, but not limited to, heavy metals and TCE, all consistent with metal fabrication operations.

23. In 2009, New York State listed the AF51 Site on its Hazardous Waste Registry.

24. In January 2013, the State contracted with Henningson, Durham and Richardson (HDR) and Groundwater and Environmental Services (GES) to conduct a

6

Site-wide remedial investigation and feasibility study. The State divided the Site into three operating units for purposes of site investigation and remediation. Operating Unit One (OU1) was the plating lagoon associated with the operations by A.O. Smith. Operating Unit Two (OU2) was the remaining on-Site area. Operating Unit 3 (OU3) was the off-Site area also known as Round Pond.

25. The remedial investigation and feasibility study for OU1 was completed in July 2021; the remedial investigation and feasibility study for OU2 was completed in December 2021; and the remedial investigation and feasibility study for OU3 was completed in February 2022. These investigations found widespread on-Site groundwater and soil contamination with the primary contaminants being volatile organic compounds, in particular TCE, degradation products of TCE, semi-volatile organics, polyaromatic hydrocarbons (PAHS), PCBs, and various heavy metals, largely in the soil. The selected remedial options for the Site include excavation and disposal of 15,800 cubic yards of contaminated soil; importation of clean soil for backfill; removal of the leach field, stormwater and septic systems infrastructure with the contaminated soil; maintenance of a Site cover as necessary; chemical treatment of groundwater in an area 44,000 square feet beneath the Site; and the establishment of a permeable reactive barrier on the southern end of the Site.

26. On August 8, 2023, DEC issued a Proposed Remedial Action Plan (PRAP) for public comment on its proposed remedy, as identified above in paragraph 25, for a period of thirty (30) days. On August 22, 2023, DEC held a public meeting to discuss and hear comments from the public regarding the proposed remedial actions.

27. Upon completion of the public comment period, DEC intends to issue a Record of Decision responding to public comments on the Proposed Remedial Action Plan and select a remedy to address the hazardous waste disposed at the Site.

28. To date the State has incurred internal response costs in an amount exceeding $5.3 million. These costs include the costs of the remedial investigations and feasibility studies for OUs 1-3; predesign studies; remedial designs for OUs 1-3; and costs associated with ongoing interim removal measures at the Site, which include, *inter alia* costs for drilling, sampling, waste disposal, drum disposal, and building demolition.

29. Further, the State anticipates future costs of $31 million to complete full remediation of the AF51 Site.

30. The costs the State has incurred, and expects to incur, are not inconsistent with the National Oil and Hazardous Substances Pollution Contingency Plan (NCP), codified at 40 C.F.R. Part 300.

## CLAIM FOR RELIEF

## CERCLA COST RECOVERY

31. Paragraphs 1 through 30 are repeated and incorporated by reference.

32. The AF51 Site is a "facility" as that term is defined in section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

33. Buildings, structures, and equipment where hazardous substances were deposited, stored, disposed of, placed, or otherwise came to be located at the Site are also "facilities" under 42 U.S.C. § 9601(9).

8

34. TCE, heavy metals, and PCBs, as described in paragraph 20 above, are "hazardous substances" as defined by CERCLA section 101(14), 42 U.S.C. § 9601(14).

35. There have been "releases" or "threatened releases," as defined in section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances at or from the AF51 Site.

36. The release of hazardous substances at and from the AF51 Site contaminated the environment of the State, including, but not limited to, soils, sediment, and groundwater.

37. The release or threatened release of hazardous substances from the AF51 Site into the environment has caused the State to incur response costs not inconsistent with the national contingency plan within the meaning of CERCLA sections 101(25) and 107, 42 U.S.C. §§ 9601(25) & 9607, and continues and will continue to cause the State to incur response costs.

38. A.O. Smith is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

39. A.O. Smith acted as an operator of the AF51 Site, as that term is defined in section 101(20)(A)(ii) of CERCLA, 42 U.S.C. § 9601(20)(A)(ii), during the period it fabricated metal parts for the Boeing B-52 bomber and from about 1951 to about 1955.

40. A.O. Smith is liable pursuant to section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it operated a "facility" when hazardous substances were disposed of at the AF51 Site.

41. A.O. Smith is strictly, jointly, and severally liable, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all past and future costs to the State at the AF51 Site incurred or to be incurred in taking actions not inconsistent with the national contingency plan, including but not limited to the cost of investigating and remediating the AF51 Site, as well as oversight, enforcement, and interest costs.

## PRAYER FOR RELIEF

**WHEREFORE**, the State prays for judgment against A.O. Smith:

1. For all costs (including attorneys' fees and other enforcement costs) incurred by the State for actions that were not inconsistent with the national contingency plan and were taken to respond to the release and/or threatened release of hazardous substances at and/or from the AF51 Site, and pre-judgment interest thereon; and

2. Other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: Albany, New York<br>May 13, 2024 | LETITIA JAMES<br>Attorney General of the State of New York<br>*Attorney for Plaintiffs* |
| | <u>By: /s/ Nicholas C. Buttino</u><br>NICHOLAS C. BUTTINO<br>Assistant Attorney General<br>Environmental Protection Bureau<br>The Capital<br>Albany, New York 12224-0341<br>(518) 776-2406<br>Nicholas.Buttino@ag.ny.gov |